ACCEPTED
03-13-00286-CV
6728551
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 3:17:44 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00286-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/31/2015 3:17:44 PM
JEFFREY D. KYLE
Clerk

# In the Third Court of Appeals
## Austin, Texas

**RICHARD PATRICK FAGERBERG,**

*Appellant*

**v.**

**STEVE MADDEN, LTD., SXSW, INC., AND W3 EVENT SPECIALISTS, INC.,**

*Appellees*

APPEAL FROM CAUSE NO. D-1-GN-13-000933
261ST DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. SUSANNE COVINGTON PRESIDING

## W3 EVENT SPECIALISTS, INC.'S RESPONSE, OBJECTION AND ARGUMENT IN RESPONSE TO APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee, W3 Event Specialists, Inc. ("W3"), files this it's Response, Objection and Argument to Appellant's Motion for Rehearing.

#1334025/5551-033/JTD:jmf

Appellant, Fagerberg, in his Motion for Rehearing, complains that this Court erred in affirming the Trial Court's decision that W3 owed no duty to Fagerberg. Appellant also complains that this Court improperly recast the issue of duty.

The issue of duty has always been central to Fagerberg's negligence cause of action against W3 and has now been fully considered by both the Trial and Appellate Court, with both determining that no duty was owed to Fagerberg by W3.

In its Memorandum Opinion, the Appellate Court's "Discussion" of the case and applicable law is straightforward. When a Plaintiff alleges negligence, that Plaintiff must show that a legal duty was owed to him by another, that there was a breach of that duty and that damages were proximally caused by the breach. In his attempt to establish a duty, Fagerberg's points to (1) W3's contract with Stubbs and/or (2) an alleged exercise of actual control by W3.

Interpretation of a contract is one of law for the Court. Fagerberg's appeal called upon the Appellate Court to review the contract between W3 and Stubbs and determine whether a duty to Fagerberg existed by virtue of that contract. The Appellate Court, like the Trial Court, has ruled that no such duty exists by virtue of that contract. Fagerberg now, however, appears to complain about the manner in which the Appellate Court reached that decision.

Appellant, in his points of error, complains that the Appellate Court misapplied the plain language of the contract and/or looked at evidence outside the contract. In the Appellate Court's Memorandum Opinion, the Court stated that "W3 established that it that it did not owe a duty to Fagerberg, either under its contract with Stubbs or by way of any exercise of actual control..." Nowhere in the Memorandum Opinion does this Court state that its decision with regard to the contract was based, in whole or in part, on evidence outside the contract. While such Memorandum Opinion does reference the evidence in the case, it was the Appellant who asked for a review of such evidence by asking the Court to determine whether W3 exercised actual control over others working at the concert, specifically including Brown or Onslaught, and/or their activities involving the camera and boom which fell, resulting in injury to Fagerberg. As to the "plain" language of the contract, such has already been fully debated in two different Courts, with both Courts concluding that, based upon the language of the contract, W3's "act or participation" in the concert was through providing security and monitoring crowd activity and that W3 had no authority to exercise any control over Brown or OnSlot or their activities "either contractually or in actual fact". No rehearing of that issue is necessary or appropriate.

Appellant also complains that the Appellate Court, when reviewing the contract, considered whether Fagerberg was a beneficiary of the contract. Again, it

3

was the Appellant who has argued from the beginning that the contract by and between W3 and Stubbs created a duty owing from W3 to Fagerberg. Accordingly, the question as to whether Fagerberg was a beneficiary of that contract, has always been at the center of that issue. If Appellant failed to recognize that fact and, in his appeal failed to establish his status as a beneficiary of the contract, he cannot now complain of his failure to do so. W3 would also show that Appellant, it his Motion for Rehearing, makes no attempt to establish that he was, in fact, a third-party beneficiary of such contract. No rehearing of that issue is necessary or appropriate.

As to an alleged exercise of actual control, the Appellate Court, like the Trial Court before it, after a thorough review of the evidence as outlined in both parties briefs, correctly concluded that the evidence showed that W3's "active participation" in the concert was limited to providing security and monitoring crowd activity, only. This Court's Memorandum Opinion provides a summary of the evidence related to W3's "active participation". As reflected therein, Madden hired OnSlot, which hired Brown. Stubbs' personnel determined where Brown's camera should be set-up and OnSlot personnel gave Brown directions. Just prior to the accident, Brown was instructed by OnSlot to get a shot that required moving the camera equipment over uneven terrain. It was during this process of moving the camera, not operating the camera, that the equipment tipped and fell into the

4

crowd. Fagerberg presented no evidence that W3 was even aware that the camera equipment was being moved, much less controlled its being moved. Mr. Garrett, Stubbs' general manager, testified that Stubbs did not hire W3 based on any expertise or experience with camera equipment or its operation, that W3 was not involved in setting up or operating the equipment and that W3 had no role in supervising Brown or the people who were assisting him. According to Mr. Garrett, W3 was hired only to insure crowd safety and "monitoring the crowd inside the venue…" Again, no rehearing of that issue is necessary or appropriate.

## CONCLUSION AND PRAYER

Appellee, W3 Event Specialists, Inc., respectfully requests that the Court deny Appellant's Motion, and grant Appellee all other and further relief to which it may be entitled.

Respectfully submitted,

**ALLEN STEIN & DURBIN, P.C.**
6243 IH-10 West, Suite 700
San Antonio, Texas 78201
(210) 734-7488 - phone
(210) 738-8036 – fax
jdailey@asdh.com

By: _____
     John T. Dailey
     State Bar No. 05318300

*Counsel for Appellee, W3 Event Specialists, Inc.*

## Certificate of Compliance

Relying on the word count function in the word processing software used to produce this document, I certify that this response contains 892 words (excluding any caption, identity of parties and counsel, statement regarding oral argument. Table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) This computer-generated document created in Microsoft Word, using 14-point Times New Roman typeface for all text.

John T. Dailey

## Certificate of Service

On August 31, 2015, in compliance with Texas Rules of Appellate Procedure, I served this document on the following counsel of records by e-mail and/or mail to:

Mr. D. Todd Smith
SMITH LAW GROUP, P.C.
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746
*Counsel for Appellant*

John T. Dailey